UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324
FRINGE BENEFIT FUNDS and TRUSTEES
OF THE OPERATING ENGINEERS' LOCAL
324 FRINGE BENEFIT FUNDS,

        Plaintiff(s),        CASE NUMBER: 05-72673
                              HONORABLE VICTORIA A. ROBERTS

v.

RIGHT RAIL, INC., LINDA HICKS and
SHANDA BERDAN,

        Defendant(s).
_____/

## ORDER

      This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment Against Right Rail, Inc. For the reasons stated below, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

      Plaintiffs Operating Engineers' Local 324 Fringe Benefit Funds ("the Funds") and Trustees of the Operating Engineers' Local 324 Fringe Benefit Funds ("the Trustees") brought this action against Defendant Right Rail, Inc. ("Right Rail").[1] The Funds are multiemployer trust funds established to provide medical, pension and other benefits to employees, in accordance with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002. The Trustees manage and control the Funds, in

---

[1] Plaintiffs also sued Barbara Beckstrom, Linda Hicks and Shanda Berdan. However, Beckstrom, Hicks and Berdan have been dismissed from the action.

1

compliance with Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186.  Right Rail is a construction contractor which has been party to a collective bargaining agreement ("CBA") with the International Union of Operating Engineers' Local 324 ("Local 324") since April 1999.

Under the CBA, compensation for Local 324 workers is allocated between wages and fringe benefits.  Right Rail is required to pay the fringe benefit portion through monthly contributions to the Funds.  When contributions are not paid on time, Right Rail is required to pay interest on unpaid contributions from the date they are due at an eighteen percent annual rate.

In their motion, Plaintiffs allege that Right Rail indisputably owes the Funds $50,300.16 in unpaid contributions for the period of July 2001 through November 19, 2005 and $46,108.64 in interest which accrued on the unpaid contributions. Additionally, Plaintiffs say that an audit completed January 18, 2006 reveals that Right Rail owes $4,462.37 in liquidated damages for paid contributions, between August 2001 and August 2005, which were untimely.  Therefore, Plaintiffs request partial summary judgment and an award of damages totaling $100,871,17.

In its response, Right Rail concedes that some amount is owed to the Funds, but denies that the amount requested is accurate.  Right Rail argues that the total amount Plaintiffs request erroneously includes payment for "driving time" during 2001 and 2002, which it says is not required under the CBA.  Rather, Right Rail contends that "driving time" is a bonus it paid employees for driving from their home to the work site.  Since travel time is not required by the CBA and is a bonus given to employees rather than payment for hours worked, Right Rail says the amounts paid for travel time are not

2

covered by the CBA and no fringe benefit fund payments are required.

Further, Right Rail says that the Funds have filed a parallel action in which they have made similar claims. Right Rail says the Funds have filed a claim against the bankruptcy estate of Linda Hicks, President and 51% shareholder of Right Rail, for $59,762.15. Right Rail contends that the Funds are attempting to collect the same debt from both it and Hicks.

Nevertheless, Right Rail admits that $21,135.47 in unpaid contributions is due to the Funds for the period between October 2003 and December 2005. But, it contends that there is a question of fact regarding the remaining amounts Plaintiffs claim is owed.

In their Reply, Plaintiffs concede that there is a question of fact with respect to the amount of unpaid contributions disputed by Right Rail. But, Plaintiffs request partial summary judgment for the amount conceded ($21,135.47), as well as $9,085.80 in interest on that amount.

Plaintiffs further request summary judgment on the $4,462.37 in liquidated damages, because Rail Way did not dispute that debt. To the contrary, however, Right Rail asserts that Plaintiffs' request for liquidated damages "is based upon the erroneous assessment of delinquencies." Def. br. at p. 5.

The Court, hereby, **GRANTS** Plaintiffs' motion with respect to the $21,135.47 in unpaid contributions which Right Rail admits owing, as well as the $9,085.80 interest owed on that amount. The Court **DENIES** Plaintiffs' motion with respect to the balance Plaintiffs claim is owed on unpaid contributions. The Court also **DENIES** Plaintiffs' request for $4,462.37 in liquidated damages on late payments, because it is not clear

from the exhibits attached to Plaintiffs' motion whether or to what extent the amounts allegedly owed on late payments are attributable to disputed "driving time" contributions.

**IT IS SO ORDERED.**

                                            s/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: September 26, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 26, 2006.

s/Linda Vertriest
Deputy Clerk

---